## SHAMOKIN WOOLEN MILLS, Inc., v. CORTILLE FABRICS, Inc.

District Court, S. D. New York.

April 19, 1941.

26

Jack Pearl, of New York City, for plaintiff.

Maurice Stricker Levy, of New York City, for defendant.

HULBERT, District Judge.

This is a motion by the plaintiff for an order

(a) Limiting the examination of the plaintiff,

(b) That he be relieved of the production of any books or records pertaining to the plaintiff's business or to the designs, or patterns, in suit, and

(c) That the examination of the defendant be had before examination of the plaintiff.

This is the usual form of action for infringement of patent with prayer for injunction and accounting, and was commenced March 6, 1941.

Defendant filed its answer on March 27, 1941, and on March 31 plaintiff served notice of the taking of the deposition of Mr. Abe Tillman, who has some connection with the defendant, on April 14, 1941.

On April 2, 1941, the defendant served notice of the taking of the depositions of the vice president and treasurer of the plaintiff on April 10, 1941, and requested: "that all charge books, cutting tickets, order records, work sheets, union records, patterns and all other books and records pertaining to the alleged infringement be brought with you on the date and time aforementioned."

It is apparent that the defendant sought to gain advantage by fixing the date of the proposed examination of the plaintiff's officers four days earlier than the proposed examination of Mr. Tillman.

On April 11, 1941, the defendant filed an amended answer upon the supposition that since the Civil Practice Act of the State of New York, Section 244, permits the service of an amended pleading as a matter of course, that he had a right to file an amended answer in this court. The filing of an amended answer indicates the disposition of the defendant to take the deposition of the plaintiff before the defendant actually intended to join issue.

No motion has been made by the plaintiff directed to the amended answer. No objection is taken by the plaintiff that the defendant's notice of examination does not provide for the examination of the plaintiff by the designated officers whose testimony is sought to be taken.

■ Plaintiff is entitled to first examine Mr. Tillman. The defendant may then proceed with the examination of Mr. Cummings. No sufficient reason now appears why Mr. Koehne should not be examined.

■ If the defendant desires discovery and production of documents and things for inspection, copying or photographing, proceedings must be taken under Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c.

It is not urged that the production of the books or records of the plaintiff are so numerous that it would result in any inconvenience, or that their removal would disrupt the orderly conduct of the plaintiff's business. Their presence may be necessary to enable the plaintiff's officers to refresh their recollection so that the legitimate purpose of the examination may be attained.

■ Plaintiff may have recourse at any time during the examination to the protective provisions of Rule 30(d), Federal Rules of Civil Procedure.

Settle order on notice disposing of the matter as herein indicated.